IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN DELANE ARNETT JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-185-SLP |
| ) | |
| MAJOR PHILLIP GABRIEL, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 13] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se, asserts eleven claims for violations of his federal constitutional rights under 42 U.S.C. § 1983. Plaintiff's claims are based on events that allegedly occurred while he was a pretrial detainee at the Cleveland County Detention Center. The Defendants in this action are various officers and employees of the Detention Center: (1) Major Phillip Gabriel; (2) Disciplinary Officer K. Hamilton; (3) Lieutenant J. Peek; (4) Master Sergeant FNU Hagen; (5) Administrative Clerk Lola Sowards; (6) Cleveland County Detention Center; (7) Clerk G. Wheatley; (8) Cleveland County Sheriff Chris Amason; (9) "unknown mailroom staff"; and (10) Administrative Supervisor Alyssa Carter.

The Magistrate Judge recommends that the Court: (1) dismiss with prejudice all claims against the Cleveland County Detention Center; (2) dismiss with prejudice all official capacity claims for money damages and all individual capacity claims seeking

declaratory or injunctive relief; (3) dismiss without prejudice claim one as against Defendant Hamilton; (4) dismiss without prejudice claims two, four, five, six, seven, eight, and ten in their entireties;[1] (5) dismiss without prejudice the due process claim set forth in claim three against Defendant Hamilton; and (6) dismiss claims nine and eleven against Defendant Sowards.  R&R [Doc. No. 13] at 1-2.  Plaintiff has filed an Objection to the R&R [Doc. No. 14].  Accordingly, the Court must make a de novo determination of those issues specifically raised by the Objections, and may accept, modify, or reject the recommended decision.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In his Objection, Plaintiff references two distinct sections of the R&R: (1) where the Magistrate Judge recommends dismissal of his fourth claim for violation of due process through deprivation of personal property; and (2) the Magistrate Judge's discussion of his ninth claim for violation of his First Amendment right to free exercise of religion.  *See* [Doc. No. 14].  Plaintiff has waived any objection to any other conclusion or recommendation in the R&R.  *See United States v. One Parcel of Real Property, Known As: 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").

---

[1] There is a typo in the opening paragraph of the R&R where the Magistrate Judge lists a group of claims he recommends be dismissed entirely, which purports to include claim "Nine."  *See* [Doc. No. 13] at 1.  In the body of the R&R, the Magistrate Judge does not recommend dismissal of claim nine entirely, but only as to one of the three Defendants against whom it is asserted.  *See id.* at 1, 21-24.  The Magistrate Judge does, however, recommend full dismissal of Plaintiff's tenth claim, and reference to that claim is omitted in the opening summary of the R&R.  *See id.*  Accordingly, it is clear from the substantive discussion that the Magistrate Judge meant to list claim "Ten" among those recommended for dismissal in their entirety.

As to his ninth claim, Plaintiff has not made a proper objection, and it appears his reference to this claim is based on a misunderstanding of the R&R. In the body of the R&R, the Magistrate Judge recommends dismissal of Plaintiff's ninth and eleventh claims as to Defendant Sowards, but not as to Defendants Peek, Hagan, and Amason.[2]  *See* R&R [Doc. No. 13] at 22-23. Plaintiff generally "objects to the dismissal of claim nine" but does not mention Defendant Sowards. *See* [Doc. No. 14] at 1. This misunderstanding is likely the result of the typo in the opening paragraph of the R&R. *See* n. 1, supra. Given the Magistrate Judge only recommends dismissal of that claim as to one Defendant, it is unclear whether Plaintiff intends to object at all.

To the extent he does intend to object, Plaintiff only re-quotes the legal discussion from the R&R and does not make any argument regarding Defendant Sowards. *See* [Doc. No. 14] at 1. Accordingly, Plaintiff has not preserved the issue for review. *See One Parcel*, 73 F.3d at 1060 (a proper objection "is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute. . ."). In any event, the Court agrees with the Magistrate Judge that Plaintiff's allegations regarding Defendant Sowards are insufficient to show personal participation required for a § 1983 claim.  *See* R&R [Doc. No. 13] at 22-23.

The Court turns to Plaintiff's fourth claim for violation of due process. Plaintiff alleges his personal property was taken when he was moved to administrative segregation and several items were missing when his property was returned. Am. Compl. [Doc. No.

---

[2] As explained in the R&R, Plaintiff's ninth and eleventh claims are both for infringement of his right to free exercise of religion. [Doc. No. 13] at 21-23; Am. Compl. [Doc. No. 8] at 16-18.

3

8] at 11.  He alleges Defendants Hamilton and Hagen were involved in the taking of his property and that Sheriff Amason "act[ed] under color of state law by the set forth policy of taking/depriving [him] of [his] property."  *Id.*  The Magistrate Judge recommends dismissal of this claim because Plaintiff fails to identify any particular policy involved in the taking of his property.  *See* R&R [Doc. No. 13] at 15-16.  The Magistrate Judge alternatively notes that "[i]f the alleged taking of Plaintiff's property was not pursuant to an established jail policy, but was, rather, an 'unauthorized intentional deprivation of property,' [his] claim would also fail because the State of Oklahoma provides post-deprivation remedies for illegal loss of property through the state court system."  *Id.* at 16 n. 3.

Liberally construing his objection, Plaintiff appears to zero in on the Magistrate Judge's alternative conclusion in footnote 3.  *See* [Doc. No. 14] at 1.  He asserts "the state post-deprivation procedure [was] unresponsive to the Plaintiff's motion for declaratory and injunctive relief filed in the Court Clerk's Office of Cleveland County under CM-2023-617."  *Id.*  Plaintiff cites *Freeman v. Dep't of Corr.*, where the Tenth Circuit reversed dismissal of a due process claim at the pleading stage because the plaintiff set forth "specific facts suggesting that the state post-deprivation remedies were effectively denied to him."  949 F.2d 360, 362 (10th Cir. 1991).  The Court finds Plaintiff's objection without merit.

First, Plaintiff does not object to the Magistrate Judge's primary conclusion that he failed to sufficiently allege a policy pursuant to which his property was taken.  *See* Obj. [Doc. No. 14] at 1.  Despite his reference to a policy by Defendant Amason in the Amended

4

Complaint, Plaintiff now appears to claim an unauthorized intentional deprivation of property, asserting for the first time that Oklahoma's post-deprivation procedures are inadequate. This argument fails because "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Lowe v. Allbaugh*, 689 F. App'x 882, 884 (10th Cir. 2017) (finding a claim "was presented for the first time in [the] objection to the magistrate judge's report and recommendation" and was therefore "too late, creating a waiver.").[3]  For all these reasons, Plaintiff's objection is without merit, and the Court concurs with and adopts the Magistrate Judge's findings as to his fourth claim.

IT IS THEREFORE ORDERED that the R&R [Doc. No. 13] is ADOPTED to the extent it recommends: (1) dismissal with prejudice of all claims against the Cleveland County Detention Center; (2) dismissal with prejudice of all official capacity claims for money damages and all individual capacity claims seeking declaratory or injunctive relief; (3) dismissal without prejudice of claim one as against Defendant Hamilton; (4) dismissal without prejudice of claims two, four, five, six, seven, eight, and ten in their entireties; (5)

---

[3] Even if considered, Plaintiff's vague allegation regarding a "motion for declaratory/injunctive relief" allegedly ignored by the State in a 2023 case is insufficient to suggest absence of an adequate post-deprivation remedy. *See* [Doc. No. 14] at 1; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) ("In order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy."). Plaintiff does not explain how the motion he refers to was a relevant post-deprivation procedure in the first place, nor does he provide any details regarding the subject of the motion, who should have responded, or how that was geared toward remedying his lost property. As such, Plaintiff has not alleged sufficient facts regarding inadequacy of Oklahoma post-deprivation remedies.

dismissal without prejudice of the due process claim against Defendant Hamilton set forth in claim three; and (6) dismissal of claims nine and eleven against Defendant Sowards.[4] All those claims are DISMISSED as set forth.

IT IS FURTHER ORDERED that the following Defendants are hereby dismissed from this action: Lola Sowards, Cleveland County Detention Center, G. Wheatley, Alyssa Carter, in addition to "John Doe" and "unknown (mailroom) staff/a.k.a. John/Jane Doe" referenced in Plaintiff's second and fifth claims.

IT IS FURTHER ORDERED that following claims remain pending: (1) Plaintiff's first claim for First Amendment retaliation against Defendant Gabriel; (2) Plaintiff's third claim for equal protection against Defendants Hamilton and Hagan; (3) Plaintiff's ninth claim for violation of his right to free exercise of religion against Defendants Peek, Hagan, and Amason; (4) Plaintiff's eleventh claim for violation of his right to free exercise of religion against Defendants Peek, Hagan, and Amason.[5]

IT IS FURTHER ORDERED that this matter is re-referred to the Magistrate Judge for further proceedings.

---

[4] The Magistrate Judge also recommends that the Court find that Plaintiff has stated a First Amendment retaliation claim against Defendant Gabriel in claim one; that Plaintiff has stated a claim against Defendants Hamilton and Hagen for violation of equal protection as set forth in claim three; and that Plaintiff has stated a First Amendment free exercise claim against Defendants Peek, Hagen, and Amason in claims nine and eleven. [Doc. No. 13] at 1-2. None of these Defendants have appeared yet in this action, nor has a special report been ordered. At this time, the Court declines to affirmatively find these allegations are sufficient to state a claim.

[5] Plaintiff filed a Motion [Doc. No. 16] requesting issuance of summons and service for all defendants named in this action, and another more recent Motion [Doc. No. 17] requesting summons and service as to the "five (5) remaining Defendants." The first Motion [Doc. No. 16] is DENIED as MOOT, and the second Motion [Doc. No 17] remains pending upon re-referral of this matter to the Magistrate Judge.

IT IS SO ORDERED this 3rd day of June, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE